UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER T. DVORAK,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANITE CREEK GP FLEXCAP I, LLC;<br>MARK A. RADZIK; AND PETER LEHMAN,<br><br>    Defendants. | No. 16 C 9996<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Peter Dvorak alleges that Defendants improperly sold and declared to be forfeited Dvorak's partnership interest in Granite Creek Flexcap I LP (the "Partnership"). *See* R. 11 ¶ 1. Defendants have filed a motion to dismiss arguing that this action is barred by the Illinois "one refiling rule," 735 ILCS 5/13-217, because it is the second time Dvorak has attempted to refile these claims (in other words, Defendants argue that the current complaint is Dvorak's third complaint alleging the same claims). R. 23. For the following reasons, Defendants' motion is granted in part and denied in part.

**Background**

Dvorak was a limited partner in the Partnership. R. 11 ¶ 3. Granite Creek GP Flexcap I, LLC (the "LLC") was the general partner in the Partnership. *Id.* ¶ 4. Defendant Mark Radzik is the managing partner of the LLC, *id.* ¶ 5, and defendant

Peter Lehman is a member of the LLC. *Id.* ¶ 6. Dvorak contributed $1.05 million in capital to the Partnership. *Id.* ¶ 12.

Dvorak later transferred his partnership interest to a trust (the "Trust"). *Id.* ¶ 13. Dvorak informed the LLC that it should direct all communications regarding the Partnership to the Trust. *Id.* ¶ 14.

After Dvorak transferred his partnership interest to the Trust, the Partnership issued a capital call of $750,000. *Id.* ¶ 17. Subsequent default notices and notices of forfeiture were also not sent to the Trust. *Id.* ¶¶ 20, 24, 28. As a result of Dvorak's and the Trust's failure to respond to these notices, the Partnership acted to reallocate Dvorak's capital funds to other partners and to declare his partnership interest forfeited. *Id.* ¶¶ 25, 29, 37, 39. Dvorak's claims are based on these failures of notice, as well as other allegations that Defendants did not follow the terms of the Partnership agreement, or comply with their duties under the Partnership agreement, in acting to deprive Dvorak of his interest in the Partnership.

Before filing the present lawsuit, Dvorak filed a complaint against the Partnership and the LLC in this Court.[1] *See Dvorak v. Granite Creek Flexcap I, LLC*, 15 C 11188, R. 1 (N.D. Ill. Dec. 11, 2015). That complaint included the following three counts: Count I for breach of Dvorak's contract with the Partnership; Count II for a declaratory judgment that any obligations Dvorak had

---

[1] This case was originally assigned to Judge Chang who ordered that the case be transferred to the undersigned judge pursuant to Local Rule 40.3(b)(2) because it is a "refiling of [a] case[] previously dismissed . . . . involving the same parties and relating to the same subject matter." *See* R. 16.

to the Partnership were discharged in bankruptcy; and Count III for a declaratory judgment that Dvorak's partnership interest has not been diminished or forfeited. *See* 15 C 11188, R. 1. At a status hearing in that case on February 23, 2016, the parties determined that diversity jurisdiction was lacking because at least one of the partners in the Partnership was domiciled in Florida like Dvorak. For that reason, on March 22, 2016, the parties filed a stipulation "requesting" that the Court enter an order of dismissal without prejudice. *See* 15 C 11188, R. 13. The Court entered such an order that same day. *See* 15 C 11188, R. 14.

Thirteen days later, on April 4, 2016, Dvorak filed a complaint in the circuit court of Cook County. *See* R. 24-1 at 137-46. The state court complaint included the same two defendants—the Partnership and the LLC—and the same three counts as the first federal complaint—breach of contract and two declaratory judgment claims. *See id.* The Partnership and the LLC filed a motion to dismiss the breach of contract claim (Count I). *See* R. 27-1 at 5. The state court granted the motion without prejudice. *See id.* at 7-8. Dvorak then filed a motion to voluntarily dismiss the declaratory judgment claims (Counts II and III) without prejudice, *see* R. 24-1 at 173, which the state court granted on October 24, 2016, *see id.* at 181.

The same day the state court granted Dvorak's voluntary dismissal motion, Dvorak filed the current complaint in this Court. *See* R. 1. In the current complaint, Dvorak renews his claims against the LLC but has dropped the Partnership as a defendant (presumably since he and the Partnership are not diverse). *See* R. 11. He also has added LLC members, Radzik and Lehman, as defendants. *See id.* The

current complaint includes the following counts: Count I for breach of contract against the LLC and Radzik; Count II for breach of fiduciary duty against the LLC; Count III for a declaratory judgment that any obligations Dvorak had to the Partnership were discharged in bankruptcy; Count IV for a declaratory judgment that Dvorak's partnership interest has not been diminished or forfeited; Count V for negligence against Radzik; and Count VI for negligent misrepresentation against the LLC and Lehman. *See id.*

**Analysis**

Defendants argue that the current complaint is barred by the Illinois "one refiling rule," which provides that for

> actions . . . where the time for commencing an action is limited, if . . . the action is *voluntarily dismissed* by the plaintiff . . . then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater . . . .

735 ILCS 5/13-217 (1994) (emphasis added); *see also Brengettcy v. Horton*, 2006 WL 1793570, at *5 (N.D. Ill. May 5, 2006) (noting that the Illinois Supreme Court found "unconstitutional the legislative amendment to this section that would have eliminated voluntary dismissals from the [statute's] scope" (citing *Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1106 (Ill. 1997))).[2] The Illinois Supreme Court "has

---

[2] The Westlaw entry for 735 ILCS 5/13-217 displays the amended statutory language rather than the original statutory language as revived by the Illinois Supreme Court in *Best* that is quoted above and applied here since it is the operative statutory language.

interpreted [§ 13-217] as permitting only one refiling even in a case where the applicable statute of limitations has not yet expired." *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636 (Ill. 1997); *see also Flesner v. Youngs Devel. Co.*, 582 N.E.2d 720, 720 (Ill. 1991) ("We interpret the language of section 13-217 as providing for one and only one refiling regardless of whether the applicable statute of limitations has expired.").

I.   **Applicability of § 13-217 in Federal Court Generally**

Dvorak argues that § 13-217 is not applicable in federal court. *See* R. 27 at 4-7. Dvorak, however, does not address Seventh Circuit case law applying § 13-217. *See Evans ex rel. Evans v. Lederle Labs.*, 167 F.3d 1106, 1112 (7th Cir. 1999) ("[W]e have applied the Illinois one-refiling rule in diversity cases. Moreover, we have previously recognized that the rule allows for a single refiling whether in state court or federal court." (citing *Koffski v. Village of North Barrington*, 988 F.2d 41, 43-44 (7th Cir. 1993); *Locke v. Bonello,* 965 F.2d 534 (7th Cir. 1992)). On this authority from the Seventh Circuit the Court will apply § 13-217 here.

II.  **Applicability of § 13-217 to this Case in Particular**

   A.   **Whether the First Federal Complaint is a "Voluntary Dismissal" that Triggers § 13-217**

      1.   **Illinois's Definition of "Voluntary Dismissal"**

Dvorak argues that, even if § 13-217 is applicable in federal court, a stipulated dismissal in federal court—like the one at issue here—does not constitute a "voluntary dismissal" under Illinois law. *See* R. 27 at 9. Under Illinois law, "voluntary dismissal" is permitted in the following circumstances:

5

> The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.
>
> After trial or hearing begins, the plaintiff may dismiss only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof.

735 ILCS 5/2-1009(a), (c). Dvorak argues that because his first federal complaint was terminated by stipulation it does not satisfy § 2-1009's requirements for a "voluntary dismissal," namely a noticed motion and subsequent court order. *See* R. 27 at 9. It is true that under Federal Rule of Civil Procedure 41 "a stipulation of dismissal signed by all parties" constitutes a "voluntary dismissal," even absent a motion or court order. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (an order following a joint stipulation of dismissal is "superfluous because under Rule 41(a), the dismissal was effective immediately upon the filing of the stipulation").[3] It appears that such a dismissal would not satisfy the definition of "voluntary dismissal" in § 2-1009, and Dvorak argues that § 13-217 should incorporate this definition. But he has not cited any case law interpreting § 13-217 in this manner. Indeed, contrary to Dvorak's argument, the Illinois Supreme Court has held that stipulated dismissals in federal court pursuant to Rule 41 do trigger the "one refiling rule" in § 13-217. *See Gendek v. Jehangir*, 518 N.E.2d 1051, 1051

---

[3] Thus, the facts that Dvorak's attorney filed a joint stipulation of dismissal to "*request* that an *Order* be entered to that effect," *see* 15 C 11188, R. 13, and that the Court did enter such an order, *see* 15 C 11188, R. 14, are irrelevant.

6

(Ill. 1988). In *Gendek*, the court affirmed dismissal of the plaintiff's case under § 13-217 where the plaintiff filed a complaint in federal court, and three months later "filed a motion for a voluntary dismissal" and the "motion was granted on a stipulation by the parties." *Id.* at 1051. Following *Gendek*, the Seventh Circuit has held that "the cause of the previous dismissals appear to [be] completely irrelevant" to application of § 13-217. *Koffski*, 988 F.2d at 43; *Evans*, 167 F.3d at 1109 (applying § 13-217 to a joint stipulation of dismissal). Dvorak's argument based on the definition of "voluntary dismissal" in § 2-1009 fails to take into account the fact that, despite the definition of "voluntary dismissals" in § 2-1009, *Gendek* and subsequent Seventh Circuit decisions applied § 13-217 to stipulated dismissals in federal court. Absent authority to the contrary, the Court is bound to apply § 13-217 in accordance with the Illinois Supreme Court's holding, which forecloses Dvorak's argument based on § 2-1009.

### 2. "Voluntary Dismissals" Under Federal Rule of Civil Procedure 41

Dvorak argues that if, contrary to § 2-1009, stipulated dismissals in federal court made pursuant to Rule 41 are voluntary dismissals for purposes of applying § 13-217, then the Court should apply § 13-217 in accordance with case law applying Rule 41's "two-dismissal rule." *See* R. 27 at 9-10. Under Rule 41's "two dismissal rule" a "voluntary dismissal" is without prejudice, unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim," in which case the voluntary dismissal will "operate[] as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Federal Rule 41's "two-dismissal rule" is similar

7

to Illinois's § 13-217's "one refiling rule," except that federal courts have interpreted Rule 41 to be *inapplicable* to stipulated dismissals, because the Rule's "primary purpose . . . is to prevent an unreasonable use of the plaintiff's *unilateral* right to dismiss an action prior to the defendant's responsive pleading," whereas a stipulation requires the consent of both parties. *Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976) (emphasis added); *see also Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) ("the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2).").[4] On the basis of this authority holding that Rule 41's "two dismissal rule" does not apply to stipulated dismissals, Dvorak argues that the stipulated dismissal that terminated his first federal complaint should not be considered a "voluntary dismissal" that triggers application of § 13-217.

Dvorak, however, has cited no authority holding that a federal court sitting in diversity should apply Rule 41's "two-dismissal rule" which excludes stipulated

---

[4] Interestingly, although courts agree that Rule 41's "two-dismissal rule" does not apply to stipulated dismissals, they disagree regarding the basis for this interpretation. The Second and Eleventh Circuits have noted that the "by its literal terms [Rule 41] makes no distinction between a prior dismissal by notice and one by stipulation." *Poloron*, 534 F.2d at 1017; *see also ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999) ("The two dismissal rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule."). By contrast, the Seventh Circuit has held that Rule 41 does not apply to stipulated dismissals "by its own clear terms." *Sutton Place*, 826 F.2d at 640 (7th Cir. 1987) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971)).

8

dismissals, instead of § 13-217's "one refiling rule" which the Illinois Supreme Court in *Gendek* has found does not provide for such an exclusion. In support of his argument, Dvorak cites *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007), and *Abdallah v. Slagg*, 803 F. Supp. 220, 221 (N.D. Ill. 1992), which both analyzed the interplay of Rule 41 and § 13-217. Neither *Jenkins* nor *Abdallah*, however, held that federal courts sitting in diversity should apply Rule 41's "two-dismissal rule" instead of § 13-217's "one refiling rule." Rather, both of those cases used Rule 41 to determine the exact date that a federal case was dismissed in order to then use that date to apply the statute of limitations savings clause in § 13-217 (which is a provision of § 13-217 that is not at issue here). Moreover, as discussed, the Seventh Circuit has applied § 13-217 in diversity cases. *See Evans*, 167 F.3d at 1109; *Koffski*, 988 F.2d at 43. And the Illinois Supreme Court has held that a stipulated dismissal in federal court pursuant to Rule 41, like the one that terminated Dvorak's first federal complaint, is a "voluntary dismissal" that triggers § 13-217. *See Gendek*, 518 N.E.2d at 1051. Since both the Illinois Supreme Court and the Seventh Circuit sitting in diversity have applied § 13-217 to stipulated dismissals in federal courts despite the fact that stipulated dismissals do not trigger Rule 41's "two dismissal rule," the Court rejects Dvorak's argument that case law interpreting Rule 41's "two-dismissal rule" is relevant to application of § 13-217's "one refiling rule."[5]

---

[5] Dvorak also argues that "[t]he involuntary dismissal of Count I of the state court complaint did not trigger the two-dismissal rule." R. 27 at 7. As discussed, however, the federal "two-dismissal rule" found in Federal Rule of Civil Procedure 41 is not

The foregoing analyses of Dvorak's arguments may beg the question of why Federal Rule of Civil Procedure 41 is applicable where Dvorak contends it is not (with respect to Rule 41's definition of "voluntary dismissal"), and inapplicable where Dvorak seeks to apply it (with respect to Rule 41's "two-dismissal rule)? And relatedly, why did the court in *Gendek* hold that a stipulated dismissal in federal court constitutes a voluntary dismissal for purposes of § 13-217 even though the definition of "voluntary dismissal" in § 2-1009 seems to be to the contrary? The answer, however, is simply that both federal procedural law and state substantive law are applicable in federal diversity cases. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Courts, both federal and state, applying § 13-217, have found that the "one refiling rule" is substantive law akin to statutes of limitations, which are governed by state law in diversity cases, *see Evans*, 167 F.3d at 1111-12, whereas the timing and characterization of the termination of a case is a question of procedure, governed by federal law even in diversity cases. *See Jenkins*, 506 F.3d at 624 ("Although we borrow the statute of limitations and coordinate tolling rules from Illinois, federal procedural rules govern the determination of when the action was voluntarily dismissed."). Dvorak's arguments ignore this distinction in the application of procedural and substantive law in diversity cases. He incorrectly attempts to apply Illinois procedural law of § 2-1009 to a dismissal that occurred in federal court, and to apply federal substantive law of Rule 41 to a lawsuit based in

---

applicable here. And as Defendants point out, the Illinois Supreme Court has confirmed that for purposes of § 13-217 "the reason for the second dismissal is of no consequence at all. No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again." *Timberlake*, 676 N.E.2d at 637.

diversity jurisdiction. Since Dvorak's arguments are based on a faulty mismatch of the substantive and procedural law relevant here, he cannot benefit from the statutory provisions he has identified as being helpful to his case.

### B. Whether the Current Complaint is a Second "Refiling" of the Claims in the State Court Complaint and the First Federal Complaint

Dvorak does not dispute that the state court complaint constitutes a first "refiling" of the first federal complaint. He does dispute Defendants' argument that the current complaint constitutes a second attempt to refile the claims brought in the state court complaint and the first federal complaint in violation of § 13-217. Dvorak argues that § 13-217 should not bar his current complaint because the claims in his current complaint are not "identical" to those in either the first federal complaint or the state complaint. R. 27 at 12. "Illinois courts have held that, for the purposes of § 13-217, a complaint is deemed to be refiled where it contains the same cause of action as defined by *res judicata* principles." *Evans*, 167 F.3d at 1113. "*Res judicata* bars a further suit if 'the same facts were essential to maintain both actions' or if 'a single group of operative facts gives rise to the assertion of relief.'" *Id.* (quoting *Rodgers v. St. Mary's Hosp.*, 597 N.E.2d 616, 621 (Ill. 1992)).

Clearly, Dvorak's breach of contract claim against the LLC (Count I), and his declaratory judgment claims (Counts III and IV), as alleged in the current complaint were also alleged in the first federal complaint and the state court complaint. There is no substantive difference, and little if any actual difference in the language, between these respective claims as alleged in all three complaints.

Thus, Counts III and IV, and Count I as it pertains to the LLC, of the current complaint are barred by § 13-217.

By contrast, Dvorak's breach of fiduciary duty claim against the LLC (Count II), and negligent misrepresentation claim against the LLC (Count VI), were not included in the first federal complaint or the state court complaint. However, both claims are based on the same operative facts as the breach of contract and declaratory judgment claims. All five claims seek relief for the LLC's reallocation of Dvorak's capital account funds to other partners, and for improperly declaring Dvorak's partnership interest to be forfeited. *Compare* 15 C 11188, R. 1 ¶¶ 18, 27, with R. 11 ¶¶ 49, 94-95. Since the LLC was a party to the two prior complaints, and the new breach of fiduciary duty and negligent misrepresentation claims against the LLC are based on the same operative facts, Count II and Count VI against the LLC of the current complaint are also barred by § 13-217.

Counts V, Count VI as it pertains to Lehman, and Count I as it pertains to Radzik, present a different issue because Radzik and Lehman were not parties to the two prior complaints. The Seventh Circuit has held that § 13-217 "does not differentiate on its face between actions brought against different defendants by the same plaintiff." *Evans*, 167 F.3d at 1113. The Seventh Circuit justified this holding by reasoning that "[i]nsofar as § 13-217 is designed to temper the litigious excesses of plaintiffs, it is reasonable to apply it to multiple refilings of the same action even against additional defendants. Otherwise, a plaintiff could prolong litigation indefinitely merely by failing to join necessary defendants." *Id*. The Illinois

Appellate Court, however, has held that the Seventh Circuit's holding in *Evans* should be limited to cases in which "all [of the] defendants"—those named in the prior complaints and those named in the current complaint—"were potentially liable for exactly the same conduct." *Hendricks v. Victory Mem'l Hosp.*, 755 N.E.2d 1013, 1015 (Ill. App. Ct. 2d Dist. 2001). Distinguishing the Seventh Circuit's holding in *Evans*, the Illinois Appellate Court in *Hendricks* held that claims against two different defendants "relating in a general way to the same conduct" but that "allege separate activities," are not the same cause of action. *Id.* In light of *Hendricks*, the Seventh Circuit has continued to apply the reasoning in *Evans* to hold that res judicata, and by extension § 13-217, will operate to bar a claim against a new defendant as long as the new defendant is sought to be held liable for the *same conduct* as the defendant who was named in the prior complaints. *See Muhammed v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008) ("It is true that *Evans* was distinguished in *Hendricks* . . . . But in the present case all three defendants are sought to be held liable for the identical conduct . . . .").

In Count VI, Dvorak alleges that Lehman caused a letter to be sent to Dvorak "induc[ing] [him] to believe that his partnership interest in [the Partnership] had been forfeited." R. 11 ¶ 93. These facts formed part of the basis for the breach of contract and declaratory judgment claims Dvorak brought against the LLC in the prior two complaints. *See* 15 C 11188, R. 1 ¶ 27. In fact, since Count VI is also alleged against the LLC, it is clear from the allegations in the current complaint that Dvorak believes that the LLC was acting through Lehman when it deprived

13

him of his partnership interest. Although Lehman was not named in the prior two complaints, Dvorak seeks relief based on the same allegedly bad actions simply by including Lehman in this Count along with the LLC. While *Hendricks* prohibits application of § 13-217 to new defendants who are alleged to have engaged in conduct not identified in the prior complaints, that is not the situation with Count VI. Rather, the allegations in Count VI against Lehman are similar to the circumstances in *Evans* and *Muhammed* in which plaintiffs sought relief for the same allegedly bad actions by targeting a new defendant. The Seventh Circuit has held that § 13-217 bars such a claim, and the Illinois Appellate Court's decision in *Hendricks* is not to the contrary. Thus, Count VI is dismissed.

The same reasoning applies to the breach of contract claim against Radzik in Count I. Dvorak alleged the same breach of contract claim against the LLC in his first federal complaint and the state court complaint. In the current complaint, Dvorak merely alleges that Radzik is liable along with the LLC because the LLC acted through him. As discussed with respect to Lehman and Count VI, § 13-217 bars such a claim.

Count V against Radzik is different matter. In Count V, Dvorak alleges that Radzik advised Dvorak to pay off a loan Radzik made to Dvorak before satisfying the monetary obligations he had to the Partnership. Dvorak alleges that Radzik had a separate duty to Dvorak that encompassed Radzik's advice regarding the loan Radzik made to Dvorak. Dvorak claims that this advice violated Radzik's duty to Dvorak under the Partnership agreement, but that this conduct is related to the

14

loan Radzik made to Dvorak and his related advice, not merely to Dvorak's interest in the Partnership. This claim is based on allegations that were not at issue in either of the prior two complaints, and this is the type of circumstance that the Illinois Appellate Court has held is outside the scope of § 13-217. *See Hendricks*, 755 N.E.2d at 1015. Thus, Count V is not barred.

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss, R. 23, is granted with respect to Counts I, II, III, IV, and VI, and denied with respect to Count V. Counts I, II, III, IV, and VI are dismissed with prejudice as the Court finds that repleading would be futile in light of the basis for the Court's order. The parties should confer and be prepared to report at the status hearing set for March 6, 2017 on how they would like to proceed, including whether a referral to a magistrate judge for a settlement conference would be helpful.

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: February 23, 2017