# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PETER T. DVORAK,

  Plaintiff,

v.

GRANITE CREEK GP FLEXCAP I, LLC;
MARK A. RADZIK; AND PETER LEHMAN,

  Defendants.

No. 16 C 9996

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Peter Dvorak alleges that Defendants improperly sold and declared to be forfeited Dvorak's partnership interest in Granite Creek Flexcap I LP (the "Partnership"). Previously, the Court dismissed five of the six counts in the complaint as barred by the Illinois "one refiling rule," 735 ILCS 5/13-217. *See* R. 29 (*Dvorak v. Granite Creek*, 2017 WL 714159 (N.D. Ill. Feb. 23, 2017)). The remaining Count V alleges negligence against Mark Radzik, the managing partner of the LLC that is the general partner of the Partnership. Radzik moves to dismiss Count V as untimely. R. 31. For the following reasons, that motion is granted.

## Background

Dvorak became a limited partner in the Partnership on August 25, 2005. R. 11 ¶ 11. Pursuant to the Partnership agreement, he contributed $1.05 million of capital beginning in about June 2006 and continuing through September 2007. *Id.* ¶

12. At the same time, on June 29, 2006, Dvorak borrowed $558,041.10 from Radzik, memorialized by two promissory notes. *Id.* ¶¶ 70-71.

About two years later, on July 29, 2008, Radzik sent Dvorak a letter notifying him of an additional capital contribution requirement by the Partnership of $750,000 that was due by August 19, 2008. *Id.* ¶ 74. About a week after that on August 8, 2008, Dvorak executed promissory note, amending and consolidating the promissory notes from 2006, promising to pay Radzik personally $750,000 three days later on August 11, 2018. *Id.* ¶¶ 72-73.

Radzik also advised Dvorak that if he could only pay one of these two $750,000 obligations, he should pay on the note to Radzik rather than the contribution required by the Partnership. *Id.* ¶ 78. Dvorak alleges that this advice was "negligent" because it "served the best interest of Radzik, individually, and failed to serve the best interest of Mr. Dvorak, as a limited partner of [the Partnership]." *Id.* ¶ 80. Dvorak alleges further that Radzik's advice violated his "duty to act in good faith and in the best interest of Mr. Dvorak." *Id.* ¶ 76.

Dvorak's failure to pay the contribution to the Partnership caused him to be in default under the Partnership agreement. Count V also alleges that Dvorak's default led Radzik (as Managing Partner of the Partnership) to take the following "wrongful" actions:

- offering Dvorak's shares for sale to other limited partners on December 19, 2008;

- distributing and re-allocating funds from Dvorak's capital account to other limited partners on or about February 24, 2009; August 19, 2010; and October 23, 2011;

2

- declaring forfeited Dvorak's partnership interest, including his capital account on May 20, 2015; and

- thereafter removing Dvorak as a limited partner.

*Id.* ¶¶ 82-83.

Dvorak filed this complaint on October 24, 2016, *see* R. 1, with the following counts: Count I for breach of contract against the LLC (that is the General Partner of the Partnership) and Radzik; Count II for breach of fiduciary duty against the LLC; Count III for a declaratory judgment that any obligations Dvorak had to the Partnership were discharged in bankruptcy; Count IV for a declaratory judgment that Dvorak's partnership interest has not been diminished or forfeited; Count V for negligence against Radzik; and Count VI for negligent misrepresentation against the LLC and Peter Lehman (another member of the LLC). *See* R. 11. The Court dismissed Counts I, II, III, IV, and VI as precluded by the Illinois "one filing rule." *See* R. 29 (*Dvorak*, 2017 WL 714159). In other words, because Dvorak had twice previously filed and voluntarily dismissed those claims, he is now barred from pursuing them in a third complaint. Specifically, the Court held that the "one filing rule" worked to bar Dvorak's claims for breaches of contractual and fiduciary duties related to Dvorak's relationship with the Partnership. *See* R. 29 at 12-14 (*Dvorak*, 2017 WL 714159, at *5-6). The Court also held, however, that to the extent Dvorak's negligence claim against Radzik (Count V) alleged a duty distinct from duties arising out of the contractual and fiduciary duties related to the Partnership, that claim was not barred. *See* R. 29 at 14-15 (*Dvorak*, 2017 WL 714159, at *6) ("Dvorak

3

alleges that Radzik had a separate duty to Dvorak that encompassed Radzik's advice regarding the loan Radzik made to Dvorak.").

## Analysis

Radzik argues that Count V is time barred because Radzik allegedly gave Dvorak negligent advice sometime in August 2008. This complaint was not filed until more than eight years later on October 24, 2016, and there is a five year statute of limitations for negligence claims under Illinois law. Dvorak argues that his claim against Radzik alleges a violation that continued through his removal as a limited partner sometime in 2015, such that the claim is timely.

The problem with Dvorak's argument is that under Illinois law, the continuing violation doctrine applies only to tortious actions (as opposed to violations of contractual or fiduciary duties),[1] and Dvorak does not actually allege

---

[1] *See Hassebrock v. Ceja Corp.*, 29 N.E.3d 412, 421 (Ill. App. Ct. 5th Dist. 2015) ("The trial court also rightfully rejected the plaintiff's suggestion that his 'continuing injury' renders any statute-of-limitations argument irrelevant. . . . Breach of contract is not a tort, and the law in Illinois is that breach of a fiduciary duty is not a tort, either. . . . The trial court thus properly determined that the continuing violation rule was inapplicable to the plaintiff's cause of action."); *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) ("Unlike tort claims involving an ongoing or continuing series of acts in which the limitations period does not run until the date when tortious acts cease, where the tort claims arise out of contract, the limitations period begins at the time of the breach or when the plaintiff reasonably should be aware of its injury and its wrongful cause."); *Troya Int'l, Ltd. v. Bird-X, Inc.*, 2017 WL 6059804, at *6 (N.D. Ill. Dec. 7, 2017) ("Because breach of fiduciary duty is not a tort in Illinois, but instead is governed by the law of contract and agency, [the defendant's] conduct . . . is not a continuing violation[.]"); *Alonso v. Weiss*, 2015 WL 7008129, at *4 (N.D. Ill. Nov. 12, 2015) ("The continuing-violation exception to the statute of limitations, however, applies only to tort claims and does not apply to claims arising from other bodies of substantive law. In Illinois, a breach of fiduciary duty is not a tort and is controlled by the substantive laws of agency, contract, and equity.").

that Radzik engaged in a continuing course of tortious conduct. Rather, he alleges that Radzik gave him negligent advice in August 2008 about which debt to pay first. Then he claims that Radzik followed up that allegedly negligent advice with "a series of ongoing wrongful acts in violation of the [Illinois Uniform Partnership Act]." R. 43 at 6; *see also id.* at 3 ("Radzik's direction to Mr. Dvorak was the first step in a series of continuing wrongful acts against Mr. Dvorak committed by Radzik in violation of his duties under the Illinois Act as Managing Partner."). Violations of the Partnership Act, however, are not tortious acts but are violations of the contractual and fiduciary duties the Act establishes among partners. *See Sullivan v. Mathew*, 2015 WL 1509794, at *6 (N.D. Ill. Mar. 30, 2015) ("The partners also owe general fiduciary duties to one another under the Illinois Uniform Partnership Act."); *Mut. Life Ins. Co. of N.Y. v. Brush Hill Assocs.*, 1994 WL 465809, at *3 (N.D. Ill. Aug. 23, 1994) ("The Illinois Uniform Partnership Act does not use the term 'fiduciary duty' to define the relations among partners, but the Act clearly was intended to provide a set of default rules that apply in the absence of an agreement."). To the extent Radzik's actions subsequent to the August 2008 advice can be said to be a continuing course of action, that course of action is not a tort. Therefore, the continuing violation doctrine does not apply, and any claim based on Radzik's advice is untimely.

Moreover, the Court has already held that the Illinois "one refiling rule" bars any claim Dvorak may bring alleging breach of contract or breach of fiduciary duty related to the "reallocation of [his] capital account funds to other partners, and for

5

improperly declaring [his] partnership interest to be forfeited." *See* R. 29 at 12 (*Dvorak*, 2017 WL 714159, at *5). In addition to the allegation that Radzik negligently advised Dvorak regarding his debt (which is untimely), Count V also includes allegations that pertain to Radzik's alleged breach of "duty" in his role as Managing Partner, resulting in the reallocation Dvorak's funds and forfeit of his partnership interest. For the reasons stated in the Court's earlier opinion, claims based on these allegations are barred by the Illinois "one refiling rule."

## Conclusion

For the foregoing reasons, Count V is dismissed. The dismissal is with prejudice because it is based on legal reasoning that cannot be cured by amendment of the complaint.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 26, 2018